IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MONTANNA TRAHAN, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 5:20-CV-445OC30PRL
)
SPACE COAST HOSPITALITY, LLC, and )
CHETAN PATEL, )
)
    Defendants. )
_____ )

FILED 2020 SEP 14 PM 12:30

## COMPLAINT

COMES NOW the Plaintiff, MONTANNA TRAHAN ("PLAINTIFF"), and files this Complaint against DEFENDANTS, SPACE COAST HOSPITALITY, LLC AND CHETAN PATEL (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT SPACE COAST HOSPITALITY, LLC was a Florida corporation, that operated a Days Inn hotel in Ocala, Florida, which is where PLAINTIFF worked at all material times.

4. At all material times, DEFENDANT CHETAN PATEL operated SPACE COAST HOSPITALITY, LLC.

### BACKGROUND

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT SPACE COAST HOSPITALITY, LLC had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

8. At all relevant times, DEFENDANT SPACE COAST HOSPITALITY, LLC was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, DEFENDANT SPACE COAST HOSPITALITY, LLC had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

10. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

11. In or around early 2020, DEFENDANTS hired PLAINTIFF to work as a housekeeper and they agreed to pay her $4.50 per room she cleaned.

12. Although DEFENDANTS provided PLAINTIFF with a room to sleep in, they did not provide PLAINTIFF any additional compensation, despite PLAINTIFF cleaning at least five or six rooms and as many as 18 rooms per day and working seven days per week.

13. This led to PLAINTIFF complaining to DEFENDANTS that she was not getting paid

at least minimum wage, let alone overtime when she worked more than 40 hours in a week.

14. Sometime in or around June 2020, PLAINTIFF began working overnight for DEFENDANTS as a de facto manager. In that regard, she was scheduled to work from 12:00 a.m. until 8:00 a.m., but she would typically work until at least 2:00 p.m. and she did that seven days per week. Like when she worked as a housekeeper, PLAINTIFF received no compensation from DEFENDANTS other than a room.

15. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires it to pay its employees time and one-half when they work more than 40 hours per week.

16. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a rate of one and one-half times her usual hourly rate when she worked more than 40 hours per week and at a rate of at least minimum wage for each hour she worked.

17. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. DEFENDANT SPACE COAST HOSPITALITY, LLC regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have

moved in interstate commerce.

20. Upon information and belief, at all relevant times, DEFENDANT CHETAN PATEL had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions on behalf of SPACE COAST HOSPITALITY, LLC.

21. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and are subject to the provisions of the Act.

22. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she did not receive appropriate compensation.

23. During her employment with DEFENDANTS, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when she worked more than 40 hours in a week and the minimum wage provision by not paying her at least minimum wage for each hour she worked.

24. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

25. DEFENDANTS' failure to compensate PLAINTIFF for her overtime and at a rate of at least minimum wage violates the provisions of the FLSA and the regulations thereunder.

26. DEFENDANTS' failure to compensate PLAINTIFF for her overtime was a willful and knowing violation of the Act.

27. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

28. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of minimum wage for each hour she worked plus one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

29. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

30. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

31. During her employment, PLAINTIFF complained to DEFENDANTS that she was not getting paid in accordance with the FLSA's minimum wage and/or overtime provisions.

32. Upon information and belief, in or around August 20, 2020, DEFENDANTS

5

terminated PLAINTIFF because she requested DEFENDANTS pay her what she was owed.

33. As a result of her termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANTS' violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

34. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

35. Despite PLAINTIFF performing as required pursuant to her agreement with DEFENDANTS, they breached their employment agreement with PLAINTIFF by failing to pay PLAINTIFF the agreed rate of pay for all the hours she worked.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANTS' breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: September 8, 2020

                                Respectfully submitted,

                                **THE LAW OFFICE OF MATTHEW BIRK**

                                <u>/s/ Matthew W. Birk</u>
                                **Matthew W. Birk**
                                Florida Bar No.: 92265
                                309 NE 1st Street
                                Gainesville, FL  32601
                                (352) 244-2069
                                (352) 372-3464 FAX
                                mbirk@gainesvilleemploymentlaw.com
                                ATTORNEYS FOR PLAINTIFF

SCREENED By USMS

U.S. Courthouse
207 NW 2nd St.
Ocala, FL 34475

309 NZ 15th 9.
G-ville, 32601